Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

*Attorneys for Movants Shahram Afshani and Paulina Afshani Schwartz*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ KHAN, Individually on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAREGEPOINT HOLDINGS, INC., PASQUALE ROMANO, and REX S. JACKSON,<br><br>Defendants. | Case No. 5:23-cv-06172-PCP<br><br>**CLASS ACTION**<br><br>**NOTICE OF MOTION AND MOTION TO CONSOLIDATE RELATED ACTIONS, APPOINT SHAHRAM AFSHANI AND PAULINA AFSHANI SCHWARTZ AS LEAD PLAINTIFF, AND APPROVE THEIR SELECTION OF LEAD COUNSEL; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: Thursday, March 14, 2024<br>Time: 10:00 a.m.<br>Courtroom: 8, 4th Floor<br>Judge:  P. Casey Pitts<br><br>**ORAL ARGUMENT REQUESTED** |
| COLBY SMITH, Individually on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CHAREGEPOINT HOLDINGS, INC., PASQUALE ROMANO, and REX S. JACKSON,<br><br>Defendants. | Case No. 3:24-cv-00363-JSC |

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 5:23-cv-06172-PCP

### <u>NOTICE OF MOTION AND MOTION</u>

**TO:  ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD**

**PLEASE TAKE NOTICE** that pursuant to the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995, codified as Section 27(a)(3) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3) (2013), and/or Section 21D(a)(3) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(3), Shahram Afshani and Paulina Afshani Schwartz ("Movants") will and hereby do move the Honorable Judge P. Casey Pitts, United States District Court, Northern District of California, San Jose Division, Courtroom 8, 4th Floor, 280 South First Street, San Jose, CA 95113, on Thursday, March 14th, at 10:00 a.m., or as soon thereafter as the matter may be heard, for an order to consolidate these related cases ("Related Actions"), appoint them as Lead Plaintiff in the above-referenced actions, and approve their selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel.

Movants' motion is based on this notice of motion and motion, the memorandum of points and authorities in support thereof, the declaration of Lucas E. Gilmore in support of this motion, the pleadings on file in this action, oral argument and such other matters as the Court may consider in hearing this motion.

The portion of this motion to consolidate is made on the grounds that the Related Actions arise from the same operative facts, name identical defendants, and are appropriate for consolidation. Movants' motion for appointment as Lead Plaintiff is made on the grounds that Movants believe that they are the most "adequate plaintiff" as defined in the Private Securities Litigation Reform Act of 1995 ("PSLRA") because they have the largest known financial interest in the relief sought by the Class and have incurred substantial losses as a result of their purchase and/or acquisition of shares of ChargePoint Holdings, Inc. ("ChargePoint" or the "Company"). Further, Movants satisfy the typicality and adequacy requirements of Federal Rule of Civil Procedure 23.

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 5:23-cv-06172-PCP

**RELIEF REQUESTED**

As set forth above, Movants request that the Court consolidated the related actions, appoint them as Lead Plaintiff in the Related Actions, and approve their selection of Hagens Berman Sobol Shapiro LLP as Lead Counsel.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the Court should consolidate the Related Actions, which involve common questions of law and fact, pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.      Whether the Court should appoint Movants as Lead Plaintiff pursuant to 15 U.S.C. § 78u-4(a)(3)(B); and

3.      Whether the Court should approve Movants' selection of Hagens Berman Sobol Shapiro LLP ("Hagens Berman") as Lead Counsel for the proposed class, pursuant to 15 U.S.C. § 78u-4(a)(3)(B)(v).

**II.      PRELIMINARY STATEMENT**

The Related Actions allege that senior executives of ChargePoint made false and misleading statements to investors who purchased or otherwise acquired the Company's securities in violation of Sections 10(b) and 20(a) of the Exchange Act (15 U.S.C. §§ 78j(b), 78t(a)), and U.S. Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder (17 C.F.R. § 240.10b-5), as well as failed to disclose material adverse facts about the Company's business, operations, and prospects. Following disclosure of the senior executives' fraud, the price of the Company's securities fell sharply, damaging Movants and other investors.

Pursuant to the PSLRA, the Court is to appoint as Lead Plaintiff the movant that possesses the largest financial interest in the outcome of the litigation and that satisfies the requirements of Fed. R. Civ. P. 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I). Here, Movants, a father and daughter based in the Los Angeles, California-area who have extensive investment experience, (*see* Declaration of Lucas E. Gilmore ("Gilmore Decl.") in Support of Motion to Consolidate Related Actions, Appoint Shahram Afshani and Paulina Afshani Schwartz as Lead Plaintiff, and Approve Their Selection of Lead Counsel, Exhibit ("Ex.") F  at ¶¶ 2-4 (Movants' Joint Declaration) filed concurrently

- 2 -

herewith), incurred losses of $1,759,765.60 in connection with their purchases of ChargePoint securities during the longest alleged Class Period, and therefore believe that they have the largest financial interest in the relief sought in this action. *See* Gilmore Decl., Exs. A at 2 and B.[1]

Beyond their significant financial interest, Movants also meet the applicable requirements of Rule 23 because their claims are typical of absent class members and because they will fairly and adequately represent the interests of the Class. Movants have the ability and resources to manage the litigation and vigorously fulfill the Lead Plaintiff's duties and obligations to the Class.

To fulfill their responsibilities as Lead Plaintiff and vigorously prosecute the consolidated litigation on behalf of the Class, Movants have selected Hagens Berman as Lead Counsel for the Class. Hagens Berman is a nationally recognized class action firm with an established track record of obtaining class wide recoveries on behalf of defrauded investors, as detailed in its firm resume, and is well qualified to serve as Lead Counsel in the consolidated litigation.

Accordingly, based on their significant financial interest and commitment to overseeing this litigation, Movants respectfully request that the Court enter an order appointing them as Lead Plaintiff and approving their selection of Hagens Berman as Lead Counsel.

### III.    ARGUMENT

**A.    The Related Actions Should Be Consolidated**

The Private Securities Litigation Reform Act of 1995 ("PSLRA") provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this chapter has been filed," the court shall not appoint a lead plaintiff until "after the decision on the motion to consolidate is rendered." 15 U.S.C. § 78u-4(a)(3)(B)(ii).

Rule 42(a) affords the Court broad discretion to consolidate cases in this district. *Inv'r Res. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.,* 877 F.2d 777, 777 (9th Cir. 1989) (noting that district

---

[1] For the purpose of determining a lead plaintiff, courts in this District have generally held that when calculating the financial interest of potential plaintiffs, it is proper to look to the longest alleged class period among the cases to be consolidated, so long as there is a factual basis for that class period. *See Mulligan v. Impax Labs., Inc.*, 2013 WL 3354420, at *8 (N.D. Cal. July 2, 2013) (citing *Eichenholtz v. Verifone Holdings, Inc.*, 2008 WL 3925289, at *2 (N.D. Cal. Aug. 22, 2008)). The longest alleged class period here is December 7, 2021 and November 16, 2023, inclusive (the "Class Period"), which is supported by factual allegations in the *Smith* Complaint. *See Smith* Complaint at ¶¶ 19-38.

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 5:23-cv-06172-PCP

court has broad discretion to consolidate cases pending in the same district). Consolidation is appropriate, where the actions involve common questions of law and fact, and consolidation would avoid unnecessary cost, delay and overlap in adjudication:

> Where actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all of the matters at issue in the actions; it may order all the actions consolidated; and it may make such order concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a); *see also* Manual for Complex Litigation (Third), § 20.123 (1995); *Russo v. Finisar Corp. (Finisar)*, No. 5:11-cv-01252-EJD, 2011 WL 5117560, at *3 (N.D. Cal. Oct. 27, 2011) (noting that "actions [that] present virtually identical factual and legal issues … should be consolidated"). Courts recognize that class action shareholder suits are "particularly well suited to consolidation" because their unification expedites proceedings, reduces duplication, and minimizes the expenditure of time and money by all concerned. *Miami Police Relief & Pension Fund v. Fusion-io, Inc. (Fusion-io)*, No. 5:13-cv-05368-LHK, 2014 WL 2604991, at *4 (N.D. Cal. June 10, 2014); *see also City of Harper Woods Emps. Ret. Sys. v. AXT, Inc.*, No. 3:04-cv-04362-MJJ, 2005 WL 318813, at *3 (N.D. Cal. Feb. 7, 2005) (finding that consolidating securities class actions "would expedite pretrial proceedings and reduce case duplication, thereby conserving judicial resources").

Here, the Related Actions present common factual and legal issues. Each action alleges violations of Sections 10(b) and 20(a) of the Exchange Act, names the same Defendants, and stems from the same underlying operative facts and circumstances. Consolidation would plainly expedite these proceedings, reduce duplicative efforts, and save all parties time, energy, and expense. Accordingly, the Actions are appropriate for consolidation and should be consolidated pursuant to Rule 42(a). *See Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064 (C.D. Cal. 1999).

**B.      Movants Should Be Appointed Lead Plaintiff**

Under the PSLRA, the district court "shall appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of the class members … in accordance with this sub–paragraph." 15 U.S.C. § 78u-4(a)(3)(B)(i); 15 U.S.C. § 77z-1(a)(3)(B)(i). The PSLRA creates a rebuttable

- 4 -

presumption that the most adequate plaintiff should be the plaintiff who: (1) has filed the complaint or timely brought the motion for appointment of lead counsel in response to the publication of notice; (2) has the "largest financial interest" in the relief sought by the class; and (3) otherwise satisfies the requirements of FRCP 23. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(aa)-(cc); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(aa)-(cc). The above presumption may be rebutted only upon proof that the presumptive lead plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to "unique defenses" that render such plaintiff incapable of adequately representing the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa)-(bb); 15 U.S.C. § 77z-1(a)(3)(B)(iii)(II)(aa)-(bb).

The PSLRA establishes a three-step inquiry for appointing a lead plaintiff. First, a plaintiff files the action and posts notice, allowing other Lead Plaintiff candidates to file motions. Second, the district court considers which of those plaintiffs has the largest financial interest in the action and whether that plaintiff meets the requirements of FRCP 23. Third, other candidates have the opportunity to rebut the presumption that the putative Lead Plaintiff can adequately represent the class. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002); *In re Stitch Fix, Inc. Sec. Litig.*, 393 F. Supp. 3d 833, 834-35 (N.D. Cal. 2019) (discussing three-step process for appointment of lead plaintiff).

### 1.    Movants' motion meets the PSLRA's procedural requirements.

The first-filed *Khan* action was filed on November 29, 2023. The timely notice of the pendency of the action was published on *Business Wire* on the same day, advising putative class members that they had 60 days from the date of the notice to file a motion to seek appointment as Lead Plaintiff in the lawsuit (*i.e.* on or before January 29, 2024). *See* Gilmore Decl., Ex. C. Notice of the pendency of the related, later-filed *Smith* action, published on January 22, 2024 similarly advised investors of the January 29, 2024 lead plaintiff deadline. See Gilmore Decl., Ex. D. Thus, Movants satisfy the procedural requirements of the PSLRA by having timely filed this motion for appointment as lead plaintiff with the Court within sixty days of publication of the notice (*i.e.* on or before January 29, 2024) and submitting a PSLRA certification. *See* Gilmore Decl. Ex. A.

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 5:23-cv-06172-PCP

**2.** **Movants have the largest financial interest in the relief sought by the Class and are therefore presumptively the most adequate plaintiff.**

The PSLRA provides a rebuttable presumption that the "most adequate plaintiff" is the plaintiff with the largest financial interest in the relief sought by the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb). Movants suffered losses of $1,759,765.60 on their purchases of the Company's securities during the longest alleged Class Period. *See* Gilmore Decl., Ex. B; *see also Miami Police*, 2014 WL 2604991, at *1 n.3 ("For purposes of appointing a lead plaintiff, the longest class period governs."). Movants, therefore, have the largest known financial interest. *Thant v. Rain Oncology Inc.*, 2023 WL 7195802, at *2 (N.D. Cal. Nov. 1, 2023) (appointing movant with greatest financial loss as lead plaintiff); *Kim v. Advanced Micro Devices, Inc.,* 2018 WL 2866666, at *2 (N.D. Cal. June 11, 2018) (same).

**3.** **Movants satisfy the requirements of Federal Rule of Civil Procedure 23.**

Section 27(a)(3)(B)(iii)(I)(cc) of the Securities Act and Section 21D(a)(3)(B)(iii)(I)(cc) of the Exchange Act, as amended by the PSLRA, provide that the Lead Plaintiff must satisfy the requirements of Federal Rule of Civil Procedure 23(a). At this stage of the litigation, courts focus only on the typicality and adequacy requirements of Rule 23. *In re Cavanaugh*, 306 F.3d at 732 ("Once it determines which plaintiff has the biggest stake, the court must appoint that plaintiff as lead, unless it finds that he does not satisfy the typicality or adequacy requirements.").

Here, the claims asserted by Movants are typical of the claims of the other members of the proposed class because Movants assert that they: (1) purchased the Company's securities during the Class Period in reliance upon the Defendants' purported false and misleading statements; (2) were harmed by Defendants' allegedly false and misleading statements; and (3) suffered damages as a result. Thus, Movants meet the typicality requirement of Rule 23 because their claims are the same as the claims of the other Class members. *See Advanced Micro Devices, Inc.*, 2018 WL 2866666, at *2 (holding that movants made the preliminary showing of typicality and adequacy since "Movants represent that their claims are typical of the members of the class and their interests are aligned with the proposed class.").

MOT. TO CONSOL. REL. CASES. APPOINT LEAD PL. AND APPROVE LEAD COUNSEL
Case No. 5:23-cv-06172-PCP

In addition, Movants will adequately represent the Class. Movants' interest is clearly aligned with the members of the Class because their claim is identical to the claims of the Class who made investments in the Company's securities. There is no evidence of antagonism between Movants' interest and those of proposed Class members. Furthermore, Movants have a significant, compelling interest in prosecuting this action to a successful conclusion based upon the very large financial loss they incurred as a result of the wrongful conduct alleged herein. These motivations clearly show that Movants will adequately and vigorously pursue the interests of the Class. *See* Gilmore Decl., Ex. F. In addition, Movants have selected Hagens Berman as proposed Lead Counsel, a firm highly experienced in prosecuting securities class actions, to represent themselves and the Class in this action. Hagens Berman has undertaken high-stakes complex securities, antitrust, and consumer litigation matters for several decades and pursues active litigation in federal courts. Gilmore Decl., Ex. E at 31-32.

In sum, because of Movants' common interest with Class members, their motivation and ability to pursue vigorously this action, and their selection of highly competent counsel, the adequacy requirement of Federal Rule of Civil Procedure 23(a) is met. Furthermore, Movants meet the typicality and requirements of Rule 23(a), and have sustained the largest losses at the hands of the Defendants. Movants are, therefore, the most adequate plaintiff to lead this action in accordance with 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see Xu v. FibroGen, Inc.*, 2021 WL 3861454, at *9 (N.D. Cal. Aug. 30, 2021) (appointing lead plaintiff movant who sustained largest losses and satisfies the typicality and adequacy requirements).

**C.     The Court Should Approve Movants' Choice Of Lead Counsel**

The PSLRA vests authority in the Lead Plaintiff to select and retain counsel, subject to the Court's approval. 15 U.S.C. § 78u-4(a)(3)(B)(v); *accord In re Cavanaugh*, 306 F.3d at 734 n.14. "[T]he district court should not reject a lead plaintiff's proposed counsel merely because it would have chosen differently." *Cohen v. U.S. Dist. Ct. for Northern Dist. of Cal.*, 586 F.3d 703, 711 (9th Cir. 2009) (citation omitted). "[I]f the lead plaintiff has made a reasonable choice of counsel, the district court should generally defer to that choice." *Id.* at 712 (citations omitted). Thus, this Court should not disturb the Lead Plaintiff's choice of counsel unless necessary to protect the interests of

the class. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II)(aa); *Rain Oncology Inc.*, 2023 WL 7195802, at *2 (approving movants' selection of counsel); *Advanced Micro Devices, Inc.*, 2018 WL 2866666, at *2 (same).

Movants have selected Hagens Berman to serve as Lead Counsel for the Class. Hagens Berman has litigated complex securities fraud actions before this Court and has successfully prosecuted many other securities fraud class actions on behalf of injured investors. Gilmore Decl., Ex. F at 31-32. If this motion is granted, Hagens Berman will provide members of the Class with the highest caliber of representation available. Accordingly, the Court should approve Movants' selection of Lead Counsel.

## IV.   CONCLUSION

For all of the foregoing reasons, Movants respectfully request that this Court: (1) consolidate the Related Actions; (2) appoint them to serve as Lead Plaintiff in this action; (3) approve their selection of Hagens Berman as Lead Counsel for the Class; and (4) grant such other and further relief as the Court may deem just and proper.

DATED: January 29, 2024

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Lucas E. Gilmore*
        Lucas E. Gilmore

Reed R. Kathrein (139304)
Lucas E. Gilmore (250893)
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Avenue, Suite 300
Berkeley, CA 94710
Telephone: (510) 725-3000
Facsimile:  (510) 725-3001
Email: reed@hbsslaw.com
Email: lucasg@hbsslaw.com

*Lead Counsel for Movants Shahram Afshani and Paulina Afshani Schwartz*