ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS (213113)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Telephone: 415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
        – and –
JENNIFER N. CARINGAL (286197)
JUAN CARLOS SANCHEZ (301834)
655 West Broadway, Suite 1900
San Diego, CA 92101
Telephone: 619/231-1058
619/231-7423 (fax)
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ KHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>    vs.<br><br>CHARGEPOINT HOLDINGS, INC., et al.,<br><br>                          Defendants. | Case No. 5:23-cv-06172-PCP<br><br>NOTICE OF MOTION AND MOTION FOR CONSOLIDATION OF RELATED ACTIONS, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MEMORANDUM OF LAW IN SUPPORT THEREOF<br><br>DATE:        March 14, 2024<br>TIME:        10:00 a.m.<br>CTRM:       8, 4th Floor<br>JUDGE:      Hon. P. Casey Pitts |

4860-8401-7824.v1

**NOTICE OF MOTION**

TO: ALL PARTIES AND THEIR RESPECTIVE COUNSEL OF RECORD

PLEASE TAKE NOTICE that on March 14, 2024, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 8, 4th Floor of the United States District Court for the Northern District of California, 280 South First Street, San Jose, CA 95113 before the Honorable P. Casey Pitts, class member Sudhakar Krishnan will and hereby does move this Court pursuant to Federal Rule of Civil Procedure 42(a), the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. §78u-4(a)(3)(B), for an order: (1) consolidating the related actions; (2) appointing Mr. Krishnan as lead plaintiff; and (3) approving Mr. Krishnan's selection of Robbins Geller Rudman & Dowd LLP as lead counsel.  In support of this Motion, Mr. Krishnan submits herewith a Memorandum of Points and Authorities and the Declaration of Jennifer N. Caringal ("Caringal Decl.").[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

Presently pending before this Court are two related securities class action lawsuits brought pursuant to §10(b) and §20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. §240.10b-5: (1) *Khan v. ChargePoint Holdings, Inc.*, No. 5:23-cv-06172-PCP (N.D. Cal.) (the *"Khan* Action") and (2) *Smith v. ChargePoint Holdings, Inc.*, No. 3:24-cv-00363-JSC (N.D. Cal.) (the "*Smith*" Action) (collectively, the "Related Actions").[2]  Pursuant to the PSLRA, the Court must decide whether to

[1]    Counsel for Mr. Krishnan is aware of this Court's requirement that"[c]ounsel for the moving party should confer with opposing counsel about a mutually convenient hearing date before noticing any motion.  However, because the PSLRA permits any "purported class member . . . including any motion by a class member who is not individually named as a plaintiff in the complaint" to file a motion for appointment as lead plaintiff, 15 U.S.C. §78u-4(a)(3)(B)(i), Mr. Krishnan's counsel cannot ascertain whether any other parties will also seek appointment as lead plaintiff until after the deadline expires on January 29, 2024. Accordingly, Mr. Krishnan's counsel respectfully requests that compliance with the conferral requirement be waived due to the fact that unknown movants cannot be conferred with.  Mr. Krishnan's counsel has selected the first available open hearing date consistent with the 35-day notice period in Civil L.R. 7-2(a).

[2]    The *Khhn* Action, filed on November 29, 2023, is brought behalf of persons and entities that purchased or otherwise acquired ChargePoint securities between June 1, 2023 and November 16, 2023, inclusive.  The *Smith* Action, filed on January 22, 2024, is brought on behalf of all persons and

consolidate the Related Actions before selecting a movant to lead this litigation on behalf of the putative class. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). As discussed below, the Related Actions should be consolidated pursuant to Rule 42(a) because they each involve similar legal and factual issues.

Additionally, the PSLRA states that the Court "shall appoint the most adequate plaintiff as lead plaintiff." *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). The lead plaintiff is the "member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members." 15 U.S.C. §78u-4(a)(3)(B)(i). Mr. Krishnan should be appointed as lead plaintiff because he: (1) timely filed this Motion; (2) has a substantial financial interest in the outcome of this litigation; and (3) will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii). In addition, Mr. Krishnan's selection of Robbins Geller to serve as lead counsel should be approved because the Firm possesses extensive experience prosecuting securities class actions and will adequately represent the interests of all class members.

## II.    STATEMENT OF ISSUES TO BE DECIDED

1.    Whether the Court should consolidate the Related Actions pursuant to Rule 42(a) of the Federal Rules of Civil Procedure;

2.    Whether the Court should appoint Mr. Krishnan as Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(3)(B); and

3.    Whether the Court should approve Mr. Krishnan's selection of Robbins Geller as Lead Counsel.

## III.    STATEMENT OF FACTS

The Related Actions similarly allege that defendants throughout the Class Period made false and/or misleading statements and/or failed to disclose that: (i) ChargePoint was experiencing higher component costs and supply overruns for first generation DC charging products; (ii) as a result, ChargePoint was likely to incur impairment charges; and (iii) consequently, ChargePoint's profitability would be adversely impacted. *Khan* Action at ¶7; *Smith* Action at ¶7.

entities that purchased or otherwise acquired ChargePoint securities between December 7, 2021 and November 16, 2023, inclusive.

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MOL IN SUPPORT - 5:23-cv-06172-PCP
4860-8401-7824.v1

- 2 -

The complaints further allege that on September 6, 2023, ChargePoint reported second quarter of fiscal year 2024 financial results, including a "$28.0 million, or 19 percentage point, inventory impairment charge" that "was taken to address legacy supply chain-related costs and supply overruns on a particular DC product." *Khan* Action at ¶22; *Smith* Action at ¶28. As a result, ChargePoint reported a second quarter GAAP gross margin of 1%, down from 17% in the prior year's same quarter. *Id.* On this news, the price of ChargePoint stock fell nearly 11%. *Khan* Action at ¶23; *Smith* Action at ¶29.

Then, on November 16, 2023, ChargePoint announced preliminary financial results for the third quarter of fiscal year 2024, which would include an "additional non-cash inventory impairment charge" in the amount of $42 million "related to product transitions and to better align inventory with current demand." *Khan* Action at ¶30; *Smith* Action at ¶36. ChargePoint expected to report "GAAP gross margin of negative 23% to negative 21%" and further reported revenue had fallen to "$108 million to $113 million, as compared to $150 to $165 million as previously expected." *Id.* The Related Actions also allege that ChargePoint's Chief Executive Officer and Chief Financial Officer were both replaced, effective immediately. *Khan* Action at ¶31; *Smith* Action at ¶37. On this news, the price of ChargePoint stock fell more than 35%. *Khan* Action at ¶32; *Smith* Action at ¶38.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA requires the Court to consolidate the Related Actions before appointing a lead plaintiff. *See* 15 U.S.C. §78u-4(a)(3)(B)(ii). Consolidation pursuant to Rule 42(a) is proper when actions involve common legal and factual questions. Fed. R. Civ. P. 42(a). "'Courts have recognized that class action shareholder suits are particularly well suited to consolidation pursuant to Rule 42(a) because unification expedites pretrial proceedings, reduces case duplication, avoids the need to contact parties and witnesses for multiple proceedings, and minimizes the expenditure of time and money for all parties involved.'" *Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018) (citations omitted). Further, "[t]he district court has broad discretion

. . . to consolidate cases pending in the same district." *Invs. Research Co. v. U.S. Dist. Ct. for Cent. Dist.*, 877 F.2d 777 (9th Cir. 1989).

The Related Actions present similar factual and legal issues, alleging the same violations of the Exchange Act against the same defendants. Because these Related Actions are based on the same facts and legal issues, the same discovery will pertain to both lawsuits. And the *Smith* Action's extended class period does not prevent consolidation. *See Mulligan v. Impax Labs., Inc.*, 2013 WL 3354420, at *3 (N.D. Cal. July 2, 2013) ("Though the class periods in the two actions have different start dates . . . both class periods end on March 4, 2013, and both putative classes involve all persons who purchased or otherwise acquired Impax's common stock during the relevant class period. These cases thus present questions of law and fact that overlap almost completely."). Thus, consolidation is appropriate here.

**B.     Mr. Krishnan Is the "Most Adequate Plaintiff" and Should Be Appointed Lead Plaintiff**

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Exchange Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1); *see also* 15 U.S.C. §78u-4(a)(3)(B)(i). First, the pendency of the action must be publicized in a widely circulated national business-oriented publication or wire service not later than 20 days after filing of the first complaint. 15 U.S.C. §78u-4(a)(3)(A)(i). Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person or group of persons that:

(aa) has either filed the complaint or made a motion in response to a notice . . .;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii)(I); *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002). Mr. Krishnan meets each of these requirements and should be appointed Lead Plaintiff.

**1.     This Motion Is Timely**

The statutory notice of the first-filed *Khan* Action was published on November 29, 2023,

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF COUNSEL; MOL IN SUPPORT - 5:23-cv-06172-PCP        - 4 -
4860-8401-7824.v1

advising class members of: (1) the pendency of the action; (2) the claims asserted therein; (3) the proposed class period; and (4) the right to move the Court to be appointed as lead plaintiff no later than January 29, 2024.  *See* Caringal Decl., Ex. A.  Because this Motion is being filed on January 29, it is timely and Mr. Krishnan is entitled to be considered for appointment as lead plaintiff.

**2.    Mr. Krishnan Has a Substantial Financial Interest in the Relief Sought by the Class**

As evidenced by his PSLRA Certification and loss chart, under the longer *Smith* Action class period, Mr. Krishnan purchased 102,100 shares of ChargePoint securities and suffered approximately $295,000 in losses as a result of defendants' alleged misconduct.  *See* Caringal Decl., Exs. B, C.  Therefore, Mr. Krishnan has a substantial financial interest in the relief sought by the class.

**3.    Mr. Krishnan Is Typical and Adequate of the Putative Class**

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure."  15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc).  Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class."  Fed. R. Civ. P. 23(a)(3)-(4); *Cavanaugh*, 306 F.3d at 730 (focusing "in particular" on typicality and adequacy at the lead plaintiff stage).  Typicality asks whether "the claims or defenses of the representative parties are typical of the claims or defenses of the class."  Fed. R. Civ. P. 23(a)(3).  The adequacy requirement inquires whether "the representative parties will fairly and adequately protect the interests of the class.'"  Fed. R. Civ. P. 23(a)(4).

Here, Mr. Krishnan, like other class members: (1) purchased ChargePoint securities during the Class Period; (2) was adversely affected by defendants' false and misleading statements; and (3) suffered damages therefrom.  Thus, Mr. Krishnan's claims are typical of those of other class members since his claims and the claims of other class members arise out of the same course of events and are based on the same legal theories.  Mr. Krishnan's significant financial interest ensures he will vigorously represent the class.  Moreover, Mr. Krishnan has amply demonstrated his adequacy by signing a sworn Certification and Declaration evidencing his ability and willingness to

serve as, and to assume the responsibilities of, lead plaintiff. *See* Caringal Decl., Exs. B, D. And, as set forth in more detail below, Mr. Krishnan has retained Robbins Geller as proposed lead counsel, a law firm with vast experience prosecuting securities class actions.

As such, the Court should find that Mr. Krishnan has made the requisite showing of typicality and adequacy.

**C.    The Court Should Approve Mr. Krishnan's Selection of Counsel**

The PSLRA entitles the lead plaintiff to select and retain counsel to represent the class, subject to the Court's approval. 15 U.S.C. §78u-4(a)(3)(B)(v); *see also In re Cohen*, 586 F.3d 703, 711-12 (9th Cir. 2009); *Cavanaugh*, 306 F.3d at 732-35. In this case, Mr. Krishnan has selected Robbins Geller as lead counsel.

Robbins Geller, a 200-attorney nationwide law firm with an office in this District, regularly practices complex securities litigation. The Firm's securities department includes numerous trial attorneys and many former federal and state prosecutors, and utilizes an extensive group of in-house experts to aid in the prosecution of complex securities issues. Courts throughout the country, including within this District, have noted Robbins Geller's reputation for excellence, which has resulted in the appointment of Robbins Geller attorneys to lead roles in hundreds of complex class action securities cases. *See, e.g.*, *Jaszczyszyn v. SunPower Corp.*, 2022 WL 10208559, at *4 (N.D. Cal. Oct. 13, 2022) (appointing Robbins Geller lead counsel and noting that "Robbins Geller has extensive experience as counsel in securities class actions"). Notably, Robbins Geller recently obtained an in-District $809.5 million recovery from Twitter Inc. on behalf of class members. *See In re Twitter Inc. Sec. Litig.*, No. 4:16-cv-05314-JST (N.D. Cal.) Further, in the last four years alone, Robbins Geller recovered more than $5.3 billion on behalf of investors in securities class action cases, including $1.02 billion in *In re Am. Realty Cap. Props., Inc. Litig.*, No. 1:15-mc-00040-AKH (S.D.N.Y.), $1.21 billion in *In re Valeant Pharm. Int'l, Inc. Sec. Litig.*, No. 3:15-cv-07658-MAS-LHG (D.N.J.), and $350 million in *Smilovits v. First Solar, Inc.*, No. 2:12-cv-00555-DGC (D. Ariz.). Robbins Geller has also obtained the largest securities fraud class action recoveries in the Fifth, Sixth, Seventh, Eighth, Tenth, and Eleventh Circuits, as well as a 2019 PSLRA class action trial victory in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG (C.D. Cal.), where

MOTION FOR CONSOLIDATION, APPOINTMENT AS LEAD PLAINTIFF, AND APPROVAL OF
LEAD PLAINTIFF'S SELECTION OF COUNSEL; MOL IN SUPPORT - 5:23-cv-06172-PCP          - 6 -
4860-8401-7824.v1

the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

Based upon Robbins Geller's extensive experience and proven track record as counsel in securities class actions, Mr. Krishnan's selection of Robbins Geller as lead counsel is reasonable and should be approved.

## V.    CONCLUSION

Mr. Krishnan has satisfied each of the PSLRA's requirements for appointment as lead plaintiff.  As such, Mr. Krishnan respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint him as Lead Plaintiff; and (3) approve his selection of counsel.

DATED:  January 29, 2024                    Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
JENNIFER N. CARINGAL
JUAN CARLOS SANCHEZ


            s/ Jennifer N. Caringal
         JENNIFER N. CARINGAL

655 West Broadway, Suite 1900
San Diego, CA  92101
Telephone:  619/231-1058
619/231-7423 (fax)
jcaringal@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
SHAWN A. WILLIAMS
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com

Proposed Lead Counsel for Proposed Lead Plaintiff