Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

*Counsel for Collin Sekas*

*[Additional counsel on signature page]*

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION**

| | |
|---|---|
| FAROOQ KHAN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARGEPOINT HOLDINGS, INC., PASQUALE ROMANO, and REX S. JACKSON,<br><br>Defendants. | Case No. 5:23-CV-06172-PCP<br><br>**COLLIN SEKAS'S NOTICE OF MOTION AND MOTION TO CONSOLIDATE, FOR APPOINTMENT AS LEAD PLAINTIFF, AND FOR APPROVAL OF SELECTION OF COUNSEL**<br><br><u>**CLASS ACTION**</u><br><br>Judge:    Hon. P. Casey Pitts<br>Date:      March 5, 2024<br>Time:      10:00 a.m.<br>Courtroom:  8 – 4th Floor |
| COLBY SMITH, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>CHARGEPOINT HOLDINGS, INC., PASQUALE ROMANO, and REX S. JACKSON,<br><br>Defendants. | Case No. 5:24-CV-00363-JSC |

SEKAS MOTION FOR LEAD PLAINTIFF

CASE NO. 5:23-CV-06172-PCP

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that at 10:00 a.m. on March 5, 2024, or as soon thereafter as the matter may be heard, before the Honorable P. Casey Pitts, United States District Court, Northern District of California, San Jose Courthouse, Courtroom 8 – 4th Floor, 280 South First Street, San Jose, California 95113, Collin Sekas will and hereby does move for an order: (i) consolidating the above-captioned securities actions; (ii) appointing him as Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"); and (iii) approving his selection of Kahn Swick & Foti, LLC as Lead Counsel for the putative class. This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the attached declaration and exhibits, the pleadings on file in this action, oral argument, and such other matters as the Court may consider in hearing this motion.

**STATEMENT OF ISSUES TO BE DECIDED**

1.      Whether the above-captioned actions should be consolidated pursuant to Fed. R. Civ. P. 42; *see* § IV.A, *infra*.

2.      Whether Mr. Sekas should be appointed as Lead Plaintiff pursuant to the PSLRA. *See generally In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002); § IV.B, *infra*.

3.      Whether the Court should approve Mr. Sekas's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel. *See generally In re Cohen*, 586 F.3d 703 (9th Cir. 2009); § IV.C, *infra*.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Mr. Sekas respectfully submits this memorandum of law in support of his motion to: (i) consolidate the actions; (ii) appoint him as lead plaintiff in the above-referenced actions pursuant to Section 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78j(b) and 78t(a), as amended by the PSLRA, 15 U.S.C. § 78u-4, and Securities and Exchange Commission ("SEC") Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5; and (iii) approve his selection of KSF as Lead Counsel for the putative class. *See In re Cavanaugh*, 306 F.3d 726 (9th Cir. 2002).

The two lawsuits pending in this District involve common questions of law and fact, warranting consolidation pursuant to FED. R. CIV. P. 42 ("Rule 42"). *See* § IV.A, *infra*. Further, as described in the Certification and Loss Chart attached to the Declaration of Ramzi Abadou in Support of Collin Sekas's Motion to Consolidate, for Appointment as Lead Plaintiff, and for Approval of His Selection of Lead Counsel ("Abadou Decl.") (Exhibits A & B), Mr. Sekas suffered losses of approximately $354,779.23 from his purchases of 110,000 ChargePoint Holdings, Inc. ("ChargePoint" or "the Company") securities between June 1, 2023 and November 16, 2023, inclusive. To the best of his knowledge, this represents the largest financial interest of any investor seeking to be appointed lead plaintiff. In addition, Mr. Sekas's Certification and Declaration demonstrate his awareness of the fiduciary duties associated with serving as a lead plaintiff. *See* Abadou Decl., Ex's. A & C. Mr. Sekas also satisfies the applicable typicality and adequacy requirements of Rule 23. Accordingly, Mr. Sekas seeks an order: (i) consolidating the above-captioned securities actions; (ii) appointing him as Lead Plaintiff in this action pursuant to Sections 10(b) and 20(a) of the Securities Exchange Act; and (iii) approving his selection of KSF as Lead Counsel for the putative class.

## II.    PROCEDURAL BACKGROUND

This securities lawsuit captioned *Farooq Khan v. ChargePoint Holdings, Inc., et al.*, No. 5:23-CV-06172 (N.D. Cal.) was filed in this District on November 29, 2023 and alleges violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder ("*Khan* Action"). Subsequently, a related case captioned *Colby Smith v. ChargePoint Holdings, Inc., et al.*, No. 5:24-CV-00363 (N.D. Cal.) ("*Smith* Action") was filed on January 22, 2024 – less than a week before motions for appointment as lead plaintiff were due to be filed.[1]

These Actions (the "Related Actions") both allege violations of §§ 10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§ 78j(b) and 78t(a), and Rule 10b-5, 17 C.F.R. § 240.10b-5 promulgated thereunder. The Related Actions both bring claims on behalf of persons and entities that "purchased

---

[1]    All emphasis is added and internal citations are omitted unless otherwise indicated. Capitalized terms have the same meaning as in the *Khan* Complaint, unless otherwise stated.

or otherwise acquired ChargePoint securities" and name identical Defendants. *See Khan* Compl., ¶¶ 1, 14-17; *see also Smith* Compl., ¶¶ 1, 14-17. However, the *Khan* Action alleges a class period of "between June 1, 2023 through November 16, 2023, inclusive" while the Smith Action alleges an extended class period of "between December 7, 2021 and November 16, 2023, inclusive." *See Khan* Compl. ¶ 1; *see also Smith* Compl., ¶ 1.

Notice of the *Khan* Action was published in *Business Wire* on November 29, 2023 informing investors who wished to serve as lead plaintiff that they must move the Court within sixty days of publication. Abadou Decl., Ex. D.[2] Then on, January 22, 2024, notice of the *Smith* Action was published in *Business Wire*. *See Id.,* Ex. E.

## III.    STATEMENT OF FACTS

ChargePoint provides charging networks for electric vehicles using its cloud subscription platform and charging hardware. *Khan* Compl., ¶ 2; *Smith* Compl., ¶ 2. ChargePoint's common stock trades on the New York Stock Exchange under the symbol "CHPT." *Khan* Compl., ¶ 14; *Smith* Compl., ¶ 14. Defendant Pasquale Romano served as the Company's President and CEO, while Defendant Rex S. Jackson served as its CFO. *Khan* Compl., ¶¶ 15-16; *Smith* Compl., ¶¶ 15-16.

On June 1, 2023, the first day of the class period alleged in the *Khan* Action, ChargePoint issued a press release announcing its financial results for the first quarter of 2023. *Khan* Compl., ¶ 19; *Smith* Compl., ¶ 25. As to the upcoming second fiscal quarter, the press release stated, in part, that ChargePoint expected revenue to increase 41% over the prior year's same quarter. *Khan* Compl., ¶ 19; *Smith* Compl., ¶ 25. On August 8, 2023, ChargePoint filed its first quarter results with the SEC on Form 10-Q stating that gross profit and gross margin had increased year-over-year while acknowledging that "[o]ngoing supply chain challenges, component shortages and heightened logistics costs have adversely affected ChargePoint's gross margins in recent quarters and ChargePoint expects that gross margins may continue to be adversely affected by increased material costs and

---

[2]    *Business Wire* is a widely circulated, national business-oriented wire service, which this district routinely finds adequate to advise prospective class members of their right to seek appointment as lead plaintiff in a securities class action such as this one. *See* § IV.B.1, *infra*.

freight and logistic expenses in the future." *Khan* Compl., ¶ 20; *Smith* Compl., ¶ 26. These statements were misleading because they failed to disclose that: (i) ChargePoint was experiencing higher component costs and supply overruns for first generation DC charging products; and (ii) that, as a result, the Company was likely to incur impairment charges. *Khan* Compl., ¶ 21; *Smith* Compl., ¶ 27. Consequently, the Company's profitability would be adversely impacted and its prior positive statements above ChargePoint's business, operations, and prospects were materially misleading and/or lacked a reasonable basis. *Khan* Compl., ¶ 21; *Smith* Compl., ¶ 27.

The truth began to emerge on September 6, 2023, when ChargePoint announced its second quarter 2023 financial results, disclosing a $28 million inventory impairment charge "to address legacy supply chain-related costs and supply overruns on a particular DC product." *Khan* Compl., ¶ 22; *Smith* Compl., ¶ 28. This resulted in a second quarter GAAP gross margin of 1%, down from 17% the prior year's same quarter. *Khan* Compl., ¶ 22; *Smith* Compl., ¶ 28. On this news, the Company's share price fell $0.77, or 11%, to close at $6.29 the following day. *Khan* Compl., ¶ 23; *Smith* Compl., ¶ 29.

Despite the impairment charge, the Company continued to state that it anticipated increased revenue during the remainder of 2023 as compared to the previous year. *Khan* Compl., ¶¶ 24-26; *Smith* Compl., ¶¶ 30-32. During a conference call on the second quarter results, Defendant Jackson, then the Company's CFO, assured investors that the "inventory issue [was] behind us" and ChargePoint expected continued improvement in gross margin. *Khan* Compl., ¶ 25; *Smith* Compl., ¶ 31. ChargePoint's second quarter financial results filed with the SEC on Form 10-Q also assured investors that the Company expected revenue growth despite the inventory impairment charge. *Khan* Compl., ¶¶ 26-28; *Smith* Compl., ¶¶ 32-34. Finally, on November 16, 2023, ChargePoint released preliminary third quarter financial results revealing an "additional non-cash inventory impairment charge" in the amount of $42 million resulting in an expected GAAP gross margin of "negative 23% to negative 21%." *Khan* Compl., ¶ 30; *Smith* Compl., ¶ 36. ChargePoint also announced that Defendants Romano and Jackson would be replaced effective immediately. *Khan* Compl., ¶ 31; *Smith* Compl., ¶ 37. On this news, the Company's stock fell $1.11, or 35%, to close at $2.02 the following day. *Khan* Compl., ¶ 32; *Smith* Compl., ¶ 38.

## IV.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

Consolidation of securities class actions is appropriate where, as here, the actions involve common questions of law and fact. *Deinnocentis v. Dropbox, Inc.*, 2020 U.S. Dist. LEXIS 8680, at *6-7 (N.D. Cal. 2020); *Ali v. Intel Corp.*, 2018 U.S. Dist. LEXIS 89401, at *3-4 (N.D. Cal. 2018). Courts recognize that securities class actions are ideally suited to consolidation pursuant to Rule 42(a). *See Hessefort v. Super Micro Comput., Inc.*, 317 F. Supp. 3d 1056, 1060 (N.D. Cal. 2018). Mr. Sekas respectfully submits that the Related Actions are ideally suited for consolidation.

The Related Actions bring claims on behalf of ChargePoint investors for violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 and Rule 10b-5 promulgated thereunder. Class definitions and named Defendants are identical (*see*, *e.g.*, *Khan* Compl., at ¶¶ 1, 14-17; *see also Smith* Compl., ¶¶ 1, 14-17). The Related Actions make substantially similar allegations that Defendants made materially false and misleading statements concerning the Company's business operations during the class period. *Compare Khan* Compl., ¶¶ 19-32, 51-65 *with Smith* Compl., ¶¶ 25-38, 57-71. The only difference between the Related Actions is their proposed class periods. *Compare Khan* Compl. ¶ 1 *with Smith* Compl., ¶ 1. The *Smith* Complaint fails to provide any basis for extending the class period back by almost ***one and a half years*** before the date originally and properly alleged in the *Khan* Action.[3] *See* Abadou Decl., Ex. D. Indeed, given that not a ***single*** one of Mr. Smith's transactions occurred during the class period alleged in the *Khan* Complaint, it appears that his complaint is an attempt to manipulate the class period.[4] Regardless, and despite the risks associated therewith, this Court can consolidate the Related Actions.

---

[3]    "There is a risk, [as here], to blindly accept[] the longest class period without further inquiry, as potential lead plaintiffs would be encouraged to manipulate the class period so they had the largest financial interest." *Bodri v. GoPro, Inc.*, 2016 U.S. Dist. LEXIS 57559, at *7 n.2 (N.D. Cal. 2016) (quoting *In re BP, PLC Sec. Litig.*, 758 F. Supp. 2d 428, 434 (S.D. Tex. 2010)).

[4]    *See Gelt Trading v. Colo.-Diagnostics, Inc.*, 2021 U.S. Dist. LEXIS 45963, at *12-13 (D. Utah 2021) (rejecting a longer proposed class period because all of the proposed lead plaintiff's transactions occurred before the alleged material misrepresentations).

SEKAS MOTION FOR LEAD PLAINTIFF          5          CASE NO. 5:23-CV-06172-PCP

**B.    Mr. Sekas Should Be Appointed as Lead Plaintiff**

The PSLRA establishes the procedure to appoint a lead plaintiff in a securities fraud class action. 15 U.S.C. § 78u-4(a)(1)-(3)(B)(i). First, the plaintiff who files the initial action must publish a notice within 20 days of filing the action advising the class of his right to file a motion for appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)(i). Here, notice of this Action was published on November 29, 2023 via *Business Wire. See* Abadou Decl., Ex. D.

Next, within 60 days of publication, members of the proposed class are entitled to seek appointment as lead plaintiff. 15 U.S.C. § 78u-4(a)(3)(A)-(B). The Court then appoints as lead plaintiff the member of the class that is determined to be "most capable" of adequately representing the interest of class members. 15 U.S.C. § 78u-4(a)(3)(B). In determining the "most adequate plaintiff," the PSLRA provides that:

> [T]he court shall adopt a presumption that the most adequate plaintiff in any private action arising under this [Act] is the person or group of persons that –
>
> (aa)    has either filed the complaint or made a motion in response to a notice . . .;
>
> (bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and
>
> (cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii). Once the presumption attaches, it can only be overcome upon a showing of proof that the presumptive lead plaintiff will not fairly and adequately represent the class or is subject to unique defenses that will render the presumptive lead plaintiff incapable of doing so. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

**1.    Mr. Sekas's Motion is Timely**

The first-filed plaintiff published notice pursuant to the PSLRA on November 29, 2023 over *Business Wire. See* Abadou Decl., Ex. D. *Business Wire* is a widely circulated national business-oriented wire service which is routinely found to satisfy the PSLRA's statutory notice requirements in this District. *Retail Wholesale Dep't Store Union Local 338 Ret. Fund v. Stitch Fix, Inc.*, 2023 U.S. Dist. LEXIS 89096, at *5-6 (N.D. Cal. 2023) (publication in *Business Wire* satisfied notice

requirements of PSLRA); *Greene v. Granite Constr. Inc.*, 2019 U.S. Dist. LEXIS 206455, at *2 (N.D. Cal. 2019) (same). Mr. Sekas's motion has been filed within 60 days of the notice and is therefore timely.

### 2.    Mr. Sekas Possesses the Largest Financial Interest in the Relief Sought by the Class

Mr. Sekas has the largest financial interest in the relief sought by the putative class – a loss of approximately $354,779.23 – in connection with his purchase of 110,000 shares of ChargePoint common stock during the relevant period. *See* Abadou Decl., Ex. B; *Cavanaugh*, 306 F.3d at 730-732.

### 3.    Mr. Sekas Meets the Requirements of Rule 23

In addition to possessing the largest financial interest in the relief sought by the class, the lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc). With respect to the qualifications of lead plaintiffs, Rule 23(a) generally requires that their claims be typical of the claims of the class and that the representatives will fairly and adequately protect the interest of the class. *See* Fed. R. Civ. P. 23. As detailed below, Mr. Sekas satisfies the typicality and adequacy requirements of Rule 23(a).

The typicality requirement of Rule 23(a)(3) is satisfied when a representative "plaintiff's claim arises from the same event or course of conduct that gives rise to the claims of other class members and is based on the same legal theory." *Monachelli v. Hortonworks, Inc.*, 2016 U.S. Dist. LEXIS 71575, at *6 (N.D. Cal. 2016). Mr. Sekas's claims are typical to those of other putative class members. *See Wong v. Arlo Techs., Inc.*, 2019 U.S. Dist. LEXIS 77186, at *8-9 (N.D. Cal. 2019). Like other putative class members, Mr. Sekas: (i) purchased or otherwise acquired ChargePoint securities during the class period; (ii) did so in reliance upon the allegedly materially false and misleading statements issued by Defendants; and (iii) suffered damages from purchasing artificially inflated securities and then suffered harm when the truth was revealed. *See* Abadou Decl., Ex's. A, B, & C.

A representative party must "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4); *see Ziolkowski v. Netflix, Inc.*, 2017 U.S. Dist. LEXIS 91848, at *9-10 (N.D. Cal. 2017). Mr. Sekas's interests are clearly aligned with the members of the class and there is no antagonism between his interests and those of other class members. Mr. Sekas, a resident of Vienna,

Virginia, has been investing the stock market since 2013, and has amply demonstrated his adequacy as a potential class representative by signing a sworn certification and declaration affirming his willingness to serve, and assume the fiduciary responsibilities of serving, as lead plaintiff. Abadou Decl., Ex. A (certification); Ex. C (Mr. Sekas' Declaration at ¶¶ 3-10). In addition, Mr. Sekas has selected counsel highly experienced in prosecuting securities class actions as proposed lead counsel. Abadou Decl., Ex. F.

### C. This Court Should Approve Mr. Sekas's Choice of Lead Counsel

The PSLRA vests authority in the lead plaintiff to select and retain counsel to represent the class, subject to court approval. *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *Cavanaugh*, 306 F.3d at 732; *In re Cohen*, 586 F.3d 703, 709-10 (9th Cir. 2009). Here, Mr. Sekas has selected KSF as Lead Counsel for the class following his own independent assessment of the firm's qualifications. *See* Abadou Decl., Ex. C at ¶¶ 8-9. KSF is a national law firm with presences in Louisiana, California, and New York— courts have repeatedly found KSF well-qualified to serve as Lead Counsel in securities class actions such as this. *See* Abadou Decl., Ex. F; *Bangzheng Chen v. CytRx Corp.*, 2014 U.S. Dist. LEXIS 194696, at *9 (C.D. Cal. 2014) ("Based on the firm's résumé and experience with class action securities litigation, the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this case."); *Dougherty v. Esperion Therapeutics*, 2020 U.S. Dist. LEXIS 216515, at *22-23 (E.D. Mich. 2020) (approving KSF as co-lead and co-class counsel); *Kasper v. AAC Holdings, Inc.*, 2017 U.S. Dist. LEXIS 109608, at *42-43 (M.D. Tenn. 2017) (same); *In re Chi. Bridge & Iron Co. N.V. Sec. Litig.*, 2020 U.S. Dist. LEXIS 49786, at *29 (S.D.N.Y. 2020) (approving KSF as lead counsel).

KSF also prevailed on behalf of the court-appointed lead plaintiff in *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988 (9th Cir. 2018), *cert. denied sub nom.* 139 S. Ct. 2615 (2019), which significantly altered the federal securities pleading requirements and civil pleading practice generally in this Circuit. *See* Abadou Decl., Ex. F. KSF also served as counsel to the lead plaintiff in the *Halliburton* securities litigation matter, where lead plaintiff twice prevailed before the United States Supreme Court and ultimately obtained a $100 million recovery for the class. *See Halliburton Co. v.*

*Erica P. John Fund, Inc.*, 573 U.S. 258, 134 S. Ct. 2398 (2014); *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 131 S. Ct. 2179 (2011). More recently, KSF obtained a $165 million recovery for Blackberry investors, following nearly nine years of determined litigation including a successful appeal of an initial dismissal, large scale discovery, and substantially defeating defendants' motion for summary judgment. *See Pearlstein v. Blackberry Ltd.*, 2022 U.S. Dist. LEXIS 177786, at *26-27 (S.D.N.Y. 2022).[5] Thus, the Court may be assured that by granting this Motion, the members of the class will receive the highest caliber legal representation available from KSF. *See* Abadou Decl., Ex. F.

## V.    CONCLUSION

For the foregoing reasons, Mr. Sekas respectfully requests that the Court: (i) consolidate the Actions; (ii) appoint him as Lead Plaintiff; and (iii) approve his selection of KSF as Lead Counsel for the class.

Dated: January 29, 2024                                    Respectfully submitted,

**KAHN SWICK & FOTI, LLP**

By:    *s/ Ramzi Abadou*
Ramzi Abadou (SBN 222567)
KAHN SWICK & FOTI, LLP
580 California Street, Suite 1200
San Francisco, California 94104
Telephone: (415) 459-6900
Facsimile: (504) 455-1498
ramzi.abadou@ksfcounsel.com

-and-

Lewis S. Kahn
(to be admitted *pro hac vice*)
Alexander L. Burns
(to be admitted *pro hac vice*)

---

[5] The $165 million recovery was the fourth largest in the United States in 2022. *See* Institutional Shareholder Services, ISSGOVERNANCE.COM, *The Largest Class Action Settlements of 2022* (Jan. 3, 2023) https://insights.issgovernance.com/posts/the-largest-class-action-settlements-of-2022/, last visited Jan. 15, 2024.

SEKAS MOTION FOR LEAD PLAINTIFF                    9                    CASE NO. 5:23-CV-06172-PCP

James T. Fetter
(to be admitted *pro hac vice*)
Alexandra Pratt
(to be admitted *pro hac vice*)
KAHN SWICK & FOTI, LLC
1100 Poydras Street, Suite 960
New Orleans, Louisiana 70163
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
lewis.kahn@ksfcounsel.com
alexander.burns@ksfcounsel.com
james.fetter@ksfcounsel.com
alexandra.pratt@ksfcounsel.com

*Counsel for Movant, Collin Sekas*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses registered, as denoted on the attached Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

*s/ Ramzi Abadou*
RAMZI ABADOU

# Mailing Information for a Case 5:23-cv-06172-PCP Khan v. ChargePoint Holdings, Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Adam Marc Apton**
  aapton@zlk.com,Files@zlk.com

- **Jaime Allyson Bartlett**
  jbartlett@sidley.com,sfefilingnotice@sidley.com,arichardshatton@sidley.com,tberninzoni@sidley.com,sfdocket@sidley.com,jamie-bartlett-0904@ecf.pacerpro.com

- **Sara B. Brody**
  sbrody@sidley.com,ddelarocha@sidley.com,sara-brody-9555@ecf.pacerpro.com

- **Chaddy Georges**
  cgeorges@sidley.com,sfdocket@sidley.com,chaddy-georges-4302@ecf.pacerpro.com

- **Lucas E. Gilmore**
  lucasg@hbsslaw.com,lisan@hbsslaw.com,sf_filings@hbsslaw.com

- **Charles Henry Linehan**
  clinehan@glancylaw.com,charles-linehan-8383@ecf.pacerpro.com

- **Robert Vincent Prongay**
  rprongay@glancylaw.com,info@glancylaw.com,robert-prongay-0232@ecf.pacerpro.com

- **Pavithra Rajesh**
  prajesh@glancylaw.com,pavithra-rajesh-9402@ecf.pacerpro.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)