Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
Chaddy G. Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
101 California Street
Suite 3500
San Francisco, CA 94111

*Attorneys for Defendants*
*ChargePoint Holdings, Inc., Pasquale Romano,*
*Rex S. Jackson, and Michael Hughes*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| FAROOQ KHAN, Individually and on Behalf of All Others Similarly Situated, | Case No. 5:23-cv-06172-NW |
| Plaintiff, | **DEFENDANTS' REQUEST FOR JUDICIAL NOTICE AND CONSIDERATION OF DOCUMENTS INCORPORATED BY REFERENCE IN SUPPORT OF MOTION TO DISMISS** |
| vs. | |
| CHARGEPOINT HOLDINGS, INC., et al., | Assigned to: Hon. Noël Wise |
| Defendants. | Date:  June 17, 2026 <br> Time:  9:00 AM <br> Place:  Courtroom 3, 5th Floor |

## I.    INTRODUCTION

Pursuant to Federal Rule of Evidence 201(b) and the doctrine of incorporation by reference, Defendants ChargePoint Holdings, Inc., Pasquale Romano, Rex S. Jackson, and Michael Hughes hereby file this request for judicial notice and/or incorporation by reference of documents cited or referenced in their Motion to Dismiss the Third Amended Class Action Complaint for Violations of the Federal Securities Laws and the accompanying memorandum of points and authorities, which are filed concurrently herewith. These documents are attached as exhibits to the concurrently-filed Declaration of Jaime A. Bartlett in Support of Defendants' Motion to Dismiss ("Bartlett Declaration"). Each document is properly subject to judicial notice and/or may be considered under the doctrine of incorporation by reference. Six of the seven attached documents are SEC filings or transcripts from earnings calls and the last document is a complaint filed in another action. The Court previously granted Defendants' request for judicial notice or incorporation by reference as to all seven documents in connection with Defendants' motion to dismiss the Second Amended Complaint. *See* Dkt. 149 at 6 n.4.

Exhibits 1 through 7 to the Bartlett Declaration are true and correct copies of the following:

1.    **Exhibit 1: ChargePoint's December 7, 2021 earnings call transcript for Q3 of Fiscal Year 2022** (TAC ¶¶ 148- 150). Defendants offer Exhibit 1 to demonstrate what Romano and Jackson said to the market about ChargePoint's supply chain constraints and how ChargePoint reports revenue, as well as to provide the Court with the full, unabridged statements cited by Plaintiffs and the accompanying context regarding these statements.

2.    **Exhibit 2: Excerpts from ChargePoint's April 3, 2023 Form 10-K (TAC ¶¶ 222-223)**. Defendants offer Exhibit 2 to demonstrate what ChargePoint said to the market about ChargePoint's supply chain constraints and inventory valuation and how ChargePoint reports revenue, as well as to provide the Court with the full, unabridged statements cited by Plaintiffs and the accompanying context regarding these statements.

1

3.   **Exhibit 3: ChargePoint's June 1, 2023 earnings call transcript for Q1 of Fiscal Year 2024 (TAC ¶¶ 232-233).** Defendants offer Exhibit 3 to provide the Court with the full, unabridged statements cited by Plaintiffs and the accompanying context regarding these statements, including but not limited to cautionary language subjecting forward-looking statements to dismissal under the PSLRA.

4.   **Exhibit 4: Pasquale Romano's SEC Forms 4, dated July 21, 2021 to August 18, 2023.** Defendants offer Exhibit 4 for the purpose of providing the context relevant to stock sales to which Plaintiffs refer in TAC ¶¶ 42, 255, 318.

5.   **Exhibit 5: Rex Jackson's SEC Forms 4, dated June 25, 2021 to September 25, 2023**. Defendants offer Exhibit 5 for the purpose of providing the context relevant to stock sales to which Plaintiffs refer in TAC ¶¶ 25, 253, 255, 319.

6.   **Exhibit 6: Michael Hughes's SEC Forms 4, dated March 2, 2021 to December 22, 2023**. Defendants offer Exhibit 6 for the purpose of providing the context relevant to stock sales to which Plaintiffs refer in TAC ¶¶ 25, 48, 254, 255, 320.

7.   **Exhibit 7: Second amended complaint publicly filed on March 26, 2024 in the Superior Court of Santa Clara County (*Larrenaga v. ChargePoint, Inc.*, Case No. 22CV398534**). Defendants offer Exhibit 7 to provide the Court with the full text of this second amended complaint cited by Plaintiffs in TAC ¶¶ 99-104.

## II.   LEGAL STANDARDS

On a motion to dismiss, "courts must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 551 U.S. 308, 322 (2007). Courts may "judicially notice a fact that is not subject to reasonable dispute," even if it is not relied upon in the complaint, where it "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Courts may consider such facts "at any stage of the proceeding," Fed. R. Evid. 201(d), "even if they are not referenced in the pleading, so long as they meet the requirements for judicial notice set forth in Federal Rule of Evidence 201." *Cement Masons &*

2

*Plasterers Joint Pension Tr. v. Equinix, Inc.*, 2012 WL 685344, at *8 n.5 (N.D. Cal. Mar. 2, 2012). Thus, "court[s] may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999 (9th Cir. 2018) (citation omitted).

## III.    ARGUMENT

### A.    ChargePoint's 10-K and Investor Call Transcripts are Subject to Judicial Notice and Incorporated by Reference into the Third Amended Complaint.

#### 1.    Judicial Notice

Exhibit 2 is ChargePoint's April 3, 2023 Form 10-K. Defendants seek judicial notice only of the fact that the statements contained in this filing were made to the market, not that any of the specific statements made to the market were true. Courts routinely take such judicial notice of the existence of materials filed with the SEC, particularly in securities cases. *See, e.g., Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049, 1064 n.7 (9th Cir. 2008) (SEC filings are proper subjects of judicial notice); *Dreiling v. Am. Express Co.*, 458 F.3d 942, 946 n.2 (9th Cir. 2006) (SEC filings are subject to judicial notice); *In re Intel Corp. Sec. Litig.*, 2019 WL 1427660, at *7 (N.D. Cal. Mar. 29, 2019) ("SEC filings are routinely subject to judicial notice"); *Wochos v. Tesla, Inc.*, 2019 WL 1332395, at *2 (N.D. Cal. Mar. 25, 2019) ("*Wochos II*") (documents filed with the SEC are "appropriate subjects of judicial notice"), *aff'd*, 985 F.3d 1180 (9th Cir. 2021); *Shenwick v. Twitter, Inc.*, 282 F. Supp. 3d 1115, 1123 (N.D. Cal. 2017) ("SEC filings . . . are judicially noticeable to show what was available to the market.").

Exhibits 1 and 3 are transcripts from earnings calls, "the accuracy of which is not reasonably subject to dispute." *Wochos v. Tesla, Inc.*, 2018 WL 4076437, at *2 (N.D. Cal. Aug. 27, 2018) ("*Wochos I*"). As in *Wochos I*, the transcripts in this case "constitute the subject matter of the claim: [Defendants'] public statements." *Id*. Once again, Defendants seek only judicial notice of the fact that the statements in the transcripts were made to the market, not that any of the statements were true. The Court may accordingly consider these documents in evaluating the motion to dismiss to determine what Defendants told the market. *Id*.; *see also Wochos II*, 2019 WL 1332395, at *2 ("earnings conference call transcripts" are appropriate subjects of judicial notice, which can be considered to

3

determine what representations defendant made to the market); *McGovney v. Aerohive Networks, Inc.*, 367 F. Supp. 3d 1038, 1050 (N.D. Cal. 2019) (taking judicial notice of earnings call transcripts); *Colyer v. Acelrx Pharms.*, 2015 WL 7566809, at *3 (N.D. Cal. Nov. 25, 2015) (finding conference call transcripts subject to judicial notice particularly where "portions of these transcripts are quoted at length in the complaint"); *Bodri v. GoPro, Inc.*, 252 F. Supp. 3d 912, 921 (N.D. Cal. 2017) (taking judicial notice of earnings call and conference transcripts).

Accordingly, the Court should take judicial notice of Exhibits 1, 2, and 3.

### 2.    Incorporation by Reference

Exhibits 1 and 3 (transcripts), and Exhibit 2 (Form 10-K) also may be incorporated by reference because Plaintiffs explicitly and extensively rely upon statements in these documents as the bases of the alleged misstatements in the Third Amended Complaint. *See Khoja*, 899 F.3d at 1002; *In re Leapfrog Enter., Inc. Sec. Litig.*, 200 F. Supp. 3d 987, 993 (N.D. Cal. 2016) (where "[p]laintiffs expressly referred to these exhibits in the [First Amended Complaint], and relied on them as sources of the allegedly fraudulent statements" it was appropriate to consider them incorporated by reference); *Curry v. Yelp Inc.*, 2015 WL 1849037, at *4 (N.D. Cal. Apr. 21, 2015) (finding that documents are properly incorporated by reference when "Plaintiffs quote and cite to [those documents] at length in their complaint"). Incorporation by reference "prevents plaintiffs from selecting only portions of documents that support their claims." *Khoja*, 899 F.3d at 1002. *See also Colyer*, 2015 WL 7566809, at *3 ("Plaintiffs cannot selectively quote from one part of a publicly-available transcript and then object to Defendants' decision to provide the Court with the complete transcript.").

### B.    Romano, Jackson, and Hughes's Forms 4 are Subject to Judicial Notice.

Exhibits 4-6 are Forms 4 filed with the SEC by Romano, Jackson, and Hughes, respectively. All three exhibits are judicially noticeable. Although Plaintiffs do not cite the Forms 4 themselves, Plaintiffs make conclusory allegations about the stock sales that are reflected in the Forms 4. Courts regularly take judicial notice of Forms 4 in this situation. *See, e.g.*, *City of Royal Oak Ret. Sys. v. Juniper Networks, Inc.*, 880 F. Supp. 2d 1045, 1059 (N.D. Cal. 2012) ("courts may take judicial notice of SEC Forms 4, even when not referenced in the pleading, to prove that stock sales were made pursuant to a Rule 10b5-1 trading plan"); *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v.*

4

*Align Tech., Inc.*, 2013 WL 6441843, at *5 (N.D. Cal. Dec. 9, 2013) ("a court may take judicial notice of Forms 4 when a plaintiff's allegations rely on a defendant's stock sales"); *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999), *as amended* (Aug. 4, 1999) (granting request for judicial notice of Forms 4 even though plaintiff questioned their veracity). To the extent Plaintiffs contend that these Forms 4 create factual disputes with the TAC's allegations about the reasons for these stock sales, those allegations are conclusory, and Defendants are permitted to contradict conclusory allegations through judicial notice. *In re Eventbrite, Inc. Sec. Litig.*, 2020 WL 2042078, at *7 (N.D. Cal. Apr. 28, 2020) (citing *Khoja*, 899 F.3d at 1014–15) (allowing the use of "the doctrines of judicial notice or incorporation by reference to create factual disputes with a plaintiff's *conclusory* allegations").

### C.    The *Larrenage* Complaint is Subject to Judicial Notice.

The Court may properly take judicial notice of Exhibit 7 because it is a publicly filed complaint in a legal proceeding. Courts may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Khoja,* 899 F.3d at 999. Courts may also take judicial notice of legal proceedings in other cases as the existence of these public records is not subject to reasonable dispute. *Perkins v. LinkedIn Corp.*, 53 F. Supp. 3d 1190, 1204 (N.D. Cal 2014) ("Proper subjects of judicial notice when ruling on a motion to dismiss include legislative history reports, court documents already in the public record and documents filed in other courts.") (internal citations omitted); *Evanston Police Pension Fund v. McKesson Corp.*, 411 F. Supp. 3d 580, 593 (N.D. Cal. 2019) (taking judicial notice of a separate complaint filed by the Attorney General where it was also incorporated by reference); *Crouch v. Ruby Corp.*, 639 F. Supp. 3d 1065, 1073 (S.D. Cal 2022) (taking judicial notice of the legal proceedings in another case after finding that the existence of the proceedings and filings appeared to be relevant).

Accordingly, the Court may take judicial notice of Exhibit 7.

### IV.    CONCLUSION

Defendants respectfully request that the Court take judicial notice of and/or consider under the doctrine of incorporation by reference the seven exhibits referenced in this Request for Judicial Notice, attached to the Bartlett Declaration, and cited in Defendants' Motion to Dismiss.

Date: March 20, 2026

Respectfully submitted,

By: */s/ Jaime A. Bartlett*
Sara B. Brody (SBN 130222)
sbrody@sidley.com
Jaime A. Bartlett (SBN 251825)
jbartlett@sidley.com
Matthew P. Henry (SBN 308878)
mhenry@sidley.com
Chaddy G. Georges (SBN 335546)
cgeorges@sidley.com
SIDLEY AUSTIN LLP
101 California Street
Suite 3500
San Francisco, CA 94111

*Attorneys for Defendants*
*ChargePoint Holdings, Inc., Pasquale Romano,*
*Rex S. Jackson, and Michael Hughes*

6