UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAROOQ KHAN, Individually on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> CHARGEPOINT HOLDINGS, INC., et al., <br><br> Defendants. | Case No. 23-cv-06172-NW <br><br> **ORDER DENYING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT** <br><br> Re: ECF No. 153 |

Defendants' motion to dismiss Plaintiffs' third amended complaint is scheduled for a hearing on June 17, 2026.  ECF No. 153.  Pursuant to Civil Local Rule 7-1(b), the Court determines that the matter is appropriate for resolution without oral argument.  The Court VACATES the hearing and DENIES Defendants' motion to dismiss.

This Order assumes the reader's familiarity with the facts, governing legal standards, arguments made by the parties, and the previous Orders issued by the Court.

ChargePoint offers networked hardware and subscription charging solutions for electric vehicles.  This is a putative, consolidated class action for securities fraud filed on behalf of people and entities that purchased or otherwise acquired the securities of ChargePoint Holdings, Inc. ("ChargePoint") between December 7, 2021, and November 16, 2023 (the "Class Period").  Lead Plaintiffs Shahram Afshani and Paulina Afshani Schwartz, filed a third amended complaint ("TAC") alleging that Defendants ChargePoint Holdings Inc. ("ChargePoint"), and several of its senior executives, made materially false and misleading statements regarding ChargePoint's supply chain management, revenue growth, and value of inventory, which led to an initial 11%

drop in ChargePoint's stock price.[1]  TAC, ECF No. 150.  Plaintiffs allege violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act") and Securities and Exchange Commission ("SEC") Rule 10b-5.

On March 30, 2026, Defendants filed a motion to dismiss the TAC.  Mot., ECF No. 153.  Plaintiffs opposed, and Defendants filed a reply.  ECF Nos. 156, 157.

In its February 20, 2026 Order, the Court granted Defendants' motion to dismiss the SAC.  ECF 149.  The Court addressed the applicable legal standards for a motion to dismiss generally, and the specific standards that apply to the Exchange Act violations alleged by Plaintiff.  The Court found that the SAC failed to "adequately allege that Defendants engaged in a deceptive scheme and that Defendants' statements were false when made" and determined that "Plaintiffs failed to adequately allege falsity and deception because Plaintiffs: (a) have not pled facts showing what was false about Defendants' statements or the impressions those statements created; (b) pled facts that are contradictory when viewed together; and (c) primarily rely on facts that occurred outside of the Class Period."  *Id*.

In their motion to dismiss the TAC, Defendants allege that Plaintiffs have failed to correct those deficiencies in the TAC.  Defendants are incorrect.

Plaintiffs substantially clarify and bolster their claims in the TAC.  They supplement and reorganize the presentation of the facts and adequately explain why certain events and statements, made by Defendants prior to the class period, provide context and support for the alleged falsity and deception of Defendants' statements and actions during the Class Period.  In doing so Plaintiffs' TAC is no longer a presentation of conclusory allegations.  Instead, the TAC offers a methodical, chronological presentation of Plaintiffs' allegations that tie their theories of falsity and

---

[1]  Plaintiff Farooq Khan initiated this action on November 29, 2023.  Compl., ECF No. 1.  On May 16, 2024, the Court (Pitts, J.) consolidated this case with 23-CV-00363-JSC.  ECF No. 87.  The same day the Court appointed Shahram Afshani and Paulina Afshani Schwartz as Lead Plaintiffs, and approved the Lead Plaintiffs' selection of Hagens Berman Sobol Shapiro LLP as lead counsel.  The Court ordered that the consolidated class action would proceed under the *Khan* caption and case number going forward.  Pursuant to a stipulation approved by the Court, Lead Plaintiffs filed a first amended complaint ("FAC") on September 19, 2024.  ECF No. 99.  On July 15, 2025, the parties filed another stipulation seeking leave for Lead Plaintiffs to file a second amended complaint ("SAC"), which the Court granted in part.  ECF Nos. 125, 126.  Plaintiffs filed their SAC on July 22, 2025.  ECF No. 127.

United States District Court
Northern District of California

scienter to specific actions, inactions, statements, and omissions by Defendants.

Defendants state that Plaintiffs' TAC is no more than "repetition and reordering" of the same insufficient allegations asserted in the SAC. ECF No. 153 at 2. Now it is Defendants who make conclusory allegations. By example, in its previous Order, the Court noted that "Plaintiffs have alleged two categories of facts – supply chain constraints and pushing product shipments – that are at odds with one another." Instead of repeating or simply reordering the same content from the SAC, Plaintiffs confront the Court's concern. The Defendants' behavior during the time that the supply chain for *certain* products was constrained directly related to Defendants' alleged manipulative sales practices for *other* products that were available during and after that time. *See e.g.*, ECF No. 150 at 42.

In their opposition, Plaintiffs correctly assert that, in their motion to dismiss the TAC Defendants, "ask the Court to accept their account that ChargePoint's collapse stemmed from legitimate revenue practices and ignore the detailed accounts of eleven individuals who bear witness to the deceptive sales practices. That is not a proper pleading challenge. It is a request that the Court weigh evidence, resolve factual disputes, and credit Defendants' counter narrative — precisely what the PSLRA forbids at this stage." ECF No. 156 at 1. Plaintiffs are correct.

Defendants' motion to dismiss the TAC is DENIED. Defendants must file an answer to the TAC by June 11, 2026.

**IT IS SO ORDERED.**

Dated: May 21, 2026

_____
Noël Wise
United States District Judge

United States District Court
Northern District of California

3